## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUDY M. THOMAS,              )   | |
|                              )   | |
|     Plaintiff,       )   | |
|                              )   | 8:08CV370 |
| vs.                          )   | |
|                              )   | REPORT AND |
| GREAT WESTERN BANK,          )   | RECOMMENDATION |
|                              )   | |
|     Defendant.       )   | |

    This matter is before the court on plaintiff's motion (Doc. 9) to remand this matter to the Douglas County District Court. The matter has been fully briefed. For the reasons discussed below, I recommend that the motion be denied.

### FACTUAL BACKGROUND

    Plaintiff was formerly employed by Great Western Bank (GWB) as its Executive Vice President and Chief Investment Officer. In December 2002, he and GWB entered into an "Employment and Revenue Sharing Agreement." Plaintiff alleges he was entitled to receive bonuses pursuant to paragraphs 3 and 4 of the Agreement, plus payment for all earned but unpaid vacation. In his state court complaint, plaintiff sought damages under the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1231 ("NWPCA").

> in the amount of … $235,899.22 together with any additional sums found due to [plaintiff] by reason of [GWB's] failure to pay the bonus due, earned vacation and any additional bonus due him together with the cost of this action, attorney fees[1] and interest all pursuant to Nebraska Statute and in particular the Nebraska Wage Payment Act.

(Doc. 1-2 at p. 3/11)

---

[1]Neb. Rev. Stat. § 48-1231 provides, in part: "If an employee establishes a claim and secures judgment on the claim, such employee shall be entitled to recover (1) the full amount of the judgment and all costs of such suit and (2) if such employee has employed an attorney in the case, an amount for attorney's fees assessed by the court, **which fees shall not be less than twenty-five percent of the unpaid wages**." (Emphasis added).

The state court complaint was filed on July 17, 2008. GWB was served with process on July 21, 2008. On July 24, 2008, GWB paid plaintiff, through its payroll system, the amounts of $209,545.49 pursuant to Agreement ¶ 4; $5,911.48 pursuant to Agreement ¶ 3(c)); and $15,556.93 for accrued vacation. GWB removed the case to federal court on August 14, 2008.

## LEGAL ANALYSIS

Pursuant to 28 U.S.C. § 1332(a), the federal district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000." Section 1332(a) requires that the amount in controversy be computed "exclusive of interest and costs." When calculating the amount in controversy, "statutory attorney fees" are to be included in the total, *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005), as are statutory penalties. *Mates v. Butterball, LLC*, 2007 WL 2407031 at*2, Case No. 4:07CV3130 (D. Neb., Aug. 20, 2007) (citing *Peacock, Inc. v. Stuyvesant Ins. Co.*, 332 F .2d 499, 501-02 (8th Cir. 1964)).

In general, the party invoking federal jurisdiction bears the burden of proving the jurisdictional requirements. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342 (8th Cir. 2007); *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d at 1031. The facts establishing the jurisdictional amount must be determined as of the time of removal. *See James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). The sum claimed by the plaintiff generally controls if the claim is apparently made in good faith. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

Notwithstanding GWB's payment of $231,013.90 to the plaintiff on July 24, 2008, the state court complaint was not amended, and the issues of attorney's fees and statutory penalties remained in dispute. On the face of the pleading, at the time of the removal, the plaintiff still sought the recovery of $235,899.22, plus attorney's fees and penalties based on that amount.[2]

---

[2]"[T]he Nebraska Wage Payment and Collection Act applies only to actions to recover wages due the employee for labor or services performed for the employer. The act does not apply to severance payment which becomes due upon termination of employment." *Babb v. United Food and Commercial Workers Dist. Union, Local 271*, 233 Neb. 826, 832, 448 N.W.2d 168, 172 (1989). The defendant has not yet argued that any of the claimed amounts are severance payments not covered by the NWPCA. *Cf. Mates v. Butterball, LLC*, 2007 WL 2407031, Case No. 4:07CV3130 (D. Neb., Aug. 20, 2007).

The court finds that the matter in controversy exceeded the sum or value of $75,000 at the time of removal. Therefore,

**IT IS RECOMMENDED** that plaintiff's Motion to Remand (Doc. 9) be denied.

Pursuant to [NECivR](#) 72.3, a party may object to a this Report and Recommendation by filing an "Objection to Report and Recommendation" within ten (10) days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.

**DATED November 12, 2008.**

                **BY THE COURT:**

                s/ F.A. Gossett
                **United States Magistrate Judge**